John Robert SMITH, Shirley Hall,
and Gene Walker Plaintiffs

v.

Eric CLARK, Secretary of State of Mississippi; Mike Moore, Attorney General for the State of Mississippi; Ronnie Musgrove, Governor of Mississippi; Mississippi Republican Executive Committee; and Mississippi Democratic Executive Committee Defendants

No. CIV.A. 301–CV–855WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Dec. 5, 2001.

Arthur F. Jernigan, Jr., Watson & Jernigan, P.A., Jackson, for John Robert Smith, Shirley Hall, Gene Walker, plaintiffs.

T. Hunt Cole, Jr., Office of the Attorney General, Michael B. Wallace, Phelps Dunbar, John G. Jones, Jones & Funderburg, Herbert Lee, Jr., Lee & Associates, Robert B. McDuff, Robert B. McDuff, Attorney, Jackson, for Eric Clark, Secretary of State of Mississippi, Mike Moore, Attorney General for the State of Mississippi, Ronnie Musgrove, Governor of Mississippi, the Mississippi Republican Party Executive Committee, Mississippi Democratic Party Executive Committee, defendants.

E. GRADY JOLLY, United States Circuit Judge, HENRY T. WINGATE, United States District Judge and DAVID C. BRAMLETTE, United States District Judge.

## ORDER

E. GRADY JOLLY, Circuit Judge.

This cause came on for hearing on November 30, 2001, on the Plaintiffs' Motion for Preliminary Injunction, the State Defendants' Motion to Dismiss, the Motion of Richard Barrett to Intervene, and the Motion to Intervene of Beatrice Branch, et al.

Having considered the pleadings, the briefs, and the arguments of counsel, we make the following rulings:

The Motion of Richard Barrett to Intervene is DENIED.

The Motion to Intervene of Beatrice Branch, et al., is GRANTED.

The State Defendants' Motion to Dismiss is DENIED.

Under the authority of *Growe v. Emison*, 507 U.S. 25, 34, 113 S.Ct. 1075, 122 L.Ed.2d 388 (1993), we recognize that "the Constitution leaves with the States primary responsibility for apportionment of their federal congressional ... districts." We do note, however, that after many months of work, the State authorities have been unable to produce a plan. In the light of *Emison*, a ruling on the Plaintiffs' Motion for Preliminary Injunction is hereby deferred, in order that State authorities may have further opportunity to timely carry out their duty.

We are, nevertheless, mindful of the fact that March 1, 2002, is the qualifying deadline for congressional candidates in Mississippi, and that any redistricting plan developed and adopted by State authorities must be submitted to the United States Department of Justice for preclearance. We are also mindful that the Department of Justice has sixty days to enter its objection to any plan adopted by the State authorities and if the Department of Justice objects to the plan, there is little or no possibility that the filing date of March 1 can be met. Furthermore, we think it imperative to have a plan in place by the qualifying deadline so that all election laws of the State of Mississippi can be met in a timely fashion in order to avoid candidate and voter confusion that results from the flux of delays, date changes, and continuances. Accordingly, if it is not clear to this court by January 7, 2002 that the State authorities can have a redistricting plan in place by March 1, we will assert our jurisdiction and proceed expeditiously to rule on the Plaintiffs' Motion for Preliminary Injunction, and if necessary, we will draft and implement a plan for reapportioning the state congressional districts. Finally, we note that because no preclearance with the Department of Justice is required for any plan that this three-judge federal district court implements, we do not have the same time constraints imposed on us as are imposed on the State under the Voting Rights Act.